IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD N. TAWE, #1596960, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | 3:11-CV-1016-M (BK) | |
| § | | |
| UNKNOWN PSYCHIATRIST, § | | |
| Baylor Medical Center, § | | |
|     Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons set out below, it is recommended that the complaint be dismissed with prejudice as frivolous.

**I. BACKGROUND**

Plaintiff, a prisoner within the Texas Department of Criminal Justice, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against an unknown psychiatrist at the Baylor Medical Center in Dallas, Texas. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.

The complaint presents claims stemming from the alleged denial of mental health care following a May 2008 emergency-room visit at Baylor Medical Center. (Doc. 2 at 4.) Plaintiff alleges that an unidentified psychiatrist was deliberately indifferent and failed to follow emergency-room procedures when he discharged Plaintiff despite his suicidal and delusional state of mind. (*Id.* at 3-4.) Shortly after his discharge, Plaintiff allegedly stabbed two store employees "thinking they were aliens and took their money by the instruction of God in my

head." (*Id.* at 4.)  After regaining his competency in August 2009, Plaintiff was convicted for the robbery and sentenced to fifty years' imprisonment.  (*Id.*)  In this action, Plaintiff seeks monetary and injunctive relief.  (*Id.*)[1]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, the complaint should be dismissed as frivolous.

### A. Civil Rights Claims

Plaintiff's complaint cannot support a cause of action under section 1983.  To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Absent either

---

[1] TDCJ records reflect Plaintiff is presently serving a fifty-year sentence for aggravated robbery with a deadly weapon in *State v. Tawe*, No. F08-32762-J (Dallas County, Sep. 10, 2010).

element, a claim is not cognizable under section 1983.

The unidentified psychiatrist at Baylor Medical Center was a private doctor. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 241-43 (5th Cir. 1999) (generally a private hospital and its employees are not state actors); *Canfield v. Baylor Medical Center*, 2006 WL 2460554, *3 (N.D. Tex. 2006) (Baylor Medical Center is a private provider of services). As such, the conduct of the Baylor Medical Center psychiatrist did not occur under color of state law for purposes of section 1983.

In addition, none of Plaintiff's allegations rise to a constitutional violation. At the time of the alleged denial of medical treatment, Plaintiff was not an inmate. (Doc. 2 at 4.) Accordingly, he had no constitutional right to medical care. Such a right has been found only where there exists a special custodial or other relationship between the person and the state. *See, e.g., Estelle v. Gamble,* 429 U.S. 97, 103 (1976) (addressing incarcerated individuals' right to medical care); *see also City of Revere v. Massachusetts Gen. Hosp.,* 463 U.S. 239, 244 (1983) (addressing pretrial detainees' right to medical care). Plaintiff's pleadings, even when liberally construed, fail to identify any special custodial or other relationship giving rise to a right to medical care. *See Kinzie v. Dallas County Hosp. Dist.*, 106 Fed. Appx. 192, 195 (5th Cir. 2003) (unpublished *per curiam*) (surgery patient, who failed to identify any special custodial or other relationship giving rise to right to medical care, failed to state a claim against county-owned hospital under section 1983). Accordingly, Plaintiff's complaint lacks an arguable basis in law and should, therefore, be dismissed.

B. **Supplemental Jurisdiction**

To the extent Plaintiff seeks to rely on Texas tort law, the Court declines to exercise supplemental jurisdiction over his state claims. *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction").

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** the complaint with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

SIGNED May 25, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE